James H. Kaster (MN #53946)
Lucas J. Kaster (MN #396251)
**NICHOLS KASTER, PLLP**
80 South Eighth Street
4700 IDS Center
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 338-4878
kaster@nka.com
lkaster@nka.com

Erika Birch (Bar No. 7831)
T. Guy Hallam Jr. (Bar No. 6101)
**STRINDBERG & SCHOLNICK, LLC**
1516 West Hays Street
Boise, ID 83702
Telephone: (208) 336-1788
Fax: (208) 287-3708
erika@idahojobjustice.com
guy@idahojobjustice.com

**ATTORNEYS FOR PLAINTIFF**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS CAMPBELL,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>　　　　　Defendant. | Case No. 4:18-CV-00522-BLW<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S TRIAL BRIEF** |

Plaintiff Thomas Campbell ("Plaintiff") submits the following response to Defendant's Trial Brief (ECF No. 50).[1]

## I. THE NINTH CIRCUIT IS CLEAR: EMPLOYERS MUST PROVE MORE THAN REASONABLE RELIANCE TO PROVE ITS DIRECT THREAT DEFENSE

As anticipated, Defendant argued in its trial brief that to prove its direct threat affirmative defense, Defendant need only show that it relied "on the determinations made by its medical professionals" and that its "reliance [was] reasonable and in good faith." (ECF No. 56). In support, Defendant cites to non-binding precedent from other Circuits.

But the Ninth Circuit already answered this question. In *Echazabal v. Chevron USA, Inc.*, 336 F.3d 1023 (9th Cir. 2003), the Ninth Circuit unequivocally rejected the argument that an employer satisfies the direct threat standard "by relying on the facially proper opinions of competent physicians." *Id.* at 1027 (internal quotations omitted). The Ninth Circuit stated that the employer's argument was "**an erroneous interpretation of the governing standard**." *Id.* at 1028 (emphasis added). Accordingly, Defendant's argument should be rejected in its entirety.

## II. DEFENDANT'S OFFER OF REINSTATEMENT DURING SETTLEMENT NEGOTIATIONS IS INADMISSIBLE

In its trial brief, Defendant argued that "Campbell has failed to mitigate his damages by his rejection of Union Pacific's offer of reinstatement to the Carman position (in Elko, Nevada), which would have paid Campbell $33.54 per hour.

The only offer of reinstatement by Defendant occurred during settlement discussions between the parties. Ironically, at the time, it was *Defendant* who noted that the offer was

---

[1] Several issues raised in Defendant's Trial Brief are addressed in Plaintiff's Motions in Limine and Responses to Defendant's Motion in Limine. For the sake of brevity, those arguments are not repeated here.

inadmissible under Fed. R. Evid. 408. Now Defendant attempts to admit the very same evidence. But Rule 408 is clear: settlement offers and discussions are "not admissible to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." As such, any evidence or inference by Defendant that Plaintiff was offered but refused reinstatement should be excluded.

### III. DEFENDANT HAS NO ADMISSIBLE EVIDENCE OR TESTIMONY TO SUPPORT ITS CONTENTION THAT PLAINTIFF IS UNDEREMPLOYED

In its trial brief, Defendant argues for the very first time that Plaintiff is underemployed, and thus has failed to mitigate his damages. (ECF No. 56 at 13) ("Second, Campbell also appears to be underemployed for his skill set . . . ."). Defendant produced no evidence during discovery about potential jobs that are available to Plaintiff that he did not accept, or any other evidence in support of its new position that Plaintiff is underemployed. Moreover, Defendant has disclosed no vocational expert in supports of its contention.

Defendant bears the burden to prove that Plaintiff failed to mitigate his damages. *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1497 (9th Cir. 1995). To satisfy this burden, Defendant must show "that, based on undisputed facts in the record, during the time in question there were substantially equivalent jobs available, which [Plaintiff] could have obtained, *and* that [Plaintiff] failed to use reasonable diligence in seeking one." *Id.* (emphasis in original). Defendant must also prove *the amount* by which damages would have been mitigated. Ninth Circuit Pattern Jury Instructions, 5.3 (2017 edition, last updated Dec. 2020) (emphasis added).

Other than Defendant's inadmissible settlement offer, Defendant has zero admissible evidence to support its contention. For this reason, it is expected that Defendant will attempt to elicit testimony from unqualified witnesses about potential job opportunities available to Plaintiff. Not only are Defendant's unqualified in this area, but no information was ever disclosed to Plaintiff

about these suspected job opportunities. As such, any evidence or argument by Defendant that Plaintiff is underemployed should be excluded.

### IV. PROOF OF EMOTIONAL DISTRESS DAMAGES DOES NOT REQUIRE EXPERT TESTIMONY

Defendant argues in its trial brief that Plaintiff is unable to sustain a verdict for emotional distress damages because Plaintiff has "not disclosed a counselor, doctor or any other qualified medical professional to opine on emotional distress . . . ." (ECF No. 56 at 17). The Ninth Circuit is clear, however: "[t]he law does not require expert testimony to establish damages . . . ." *DSPT Int'l, Inc. v. Nahum*, 624 F.3d 1213, 1223 (9th Cir. 2010) (upholding $150,000 damage award without expert testimony). As such, Plaintiff can support his emotional distress claim with lay testimony and Defendant's position is without merit.

DATED this 31st day of March, 2021.

**NICHOLS KASTER PLLP**

s/James H. Kaster
James H. Kaster (MN #53946)
kaster@nka.com
Lucas J. Kaster (MN #396251)
lkaster@nka.com
80 South Eighth Street
4700 IDS Center
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 338-4878

**STRINDBERG & SCHOLNICK, LLC**

Erika Birch (Bar No. 7831)
erika@idahojobjustice.com
T. Guy Hallam Jr. (Bar No. 6101)
guy@idahojobjustice.com
1516 West Hays Street
Boise, ID 83702
Telephone: (208) 336-1788
Fax: (208) 287-3708

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of March, 2021 I filed the foregoing document electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Debora Kristensen Grasham - dkk@givenspursley.com

Kersti H. Kennedy - KerstiKennedy@GivensPursley.com

Scott P. Moore – spmoore@bairdholm.com

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

NONE.

s/James H. Kaster
James H. Kaster
