UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

<table>
<tr><td>THOMAS CAMPBELL,</td><td>Case No. 4:18-cv-00522-BLW</td></tr>
<tr><td>Plaintiff,</td><td>**MEMORANDUM DECISION AND ORDER**</td></tr>
<tr><td>v.</td><td></td></tr>
<tr><td>UNION PACIFIC RAILROAD CO.,</td><td></td></tr>
<tr><td>Defendant.</td><td></td></tr>
</table>

## INTRODUCTION

Before the Court are several motions in *limine* by the parties. *See* Dkts. 51, 53, 59, 60 & 65. The motions are fully briefed and at issue.

## BACKGROUND

Trial in this matter is set for April 12, 2021. Plaintiff Thomas Campbell has sued Union Pacific Railroad Company for disability discrimination and failure to accommodate in violation of the Americans with Disabilities Act. The parties seek to exclude certain evidence and witnesses from testifying at trial.

## LEGAL STANDARD

There is no express authority for motions in *limine* in either the Federal Rules of Civil Procedure or the Federal Rules of Evidence. Nevertheless, these

MEMORANDUM DECISION AND ORDER - 1

motions are well recognized in practice and by case law. *See, e.g., Ohler v. United States*, 529 U.S. 753, 758 (2000). The key function of a motion in *limine* is to "exclude prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 (1984). A ruling on a motion in *limine* is essentially a preliminary ruling, which may be reconsidered in the context of trial. *Id.* at 41. Motions in *limine* are beneficial tools that promote judicial efficiency by presenting the Court with an opportunity "to rule in advance of trial on the relevance of certain forecasted evidence . . . without lengthy argument at, or interruption of, the trial." *D.A.*, 2013 WL 12147769, at *2 (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). But these pretrial evidentiary rulings are made before the court has seen or heard the challenged evidence, and they restrict a party's presentation of their case. *Id.* Thus, "courts have recognized that motions in limine should be granted sparingly and only in those instances when the evidence plainly is inadmissible on all potential grounds." *Id.* (internal quotation marks and citation omitted).

In resolving these motions, the Court is guided by Federal Rules of Evidence 401 and 403. The Court must evaluate whether the proposed evidence is relevant— that is—whether the evidence has "any tendency to make a fact more or less probable than it would be without the evidence" and whether "the fact is of

**MEMORANDUM DECISION AND ORDER - 2**

consequence in determining the action." Fed. R. Evid. 401. Even if the evidence is

relevant, the Court may exclude it if "its probative value is *substantially*

outweighed by a danger of one or more of the following: unfair prejudice,

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

presenting cumulative evidence." Fed. R. Evid. 403.

## ANALYSIS

### A.   Plaintiff's Motions in *Limine*

#### 1. Plaintiff's Motion to Exclude or Properly Advise the Jury Regarding Certain Hearsay Evidence

Campbell seeks to exclude evidence of two managers agreeing with Sean

Leatherbury's assertion that he observed Campbell walking with a severe limp on

May 3, 2017 before Leatherbury initiated a fitness for duty evaluation. Campbell

anticipates this evidence will be presented in two forms at trial. First, as part of a

manager referral report Leatherbury submitted to initiate the fitness for duty

evaluation, and second through Leatherbury's assertion that the other managers

agreed with his observation that Campbell was limping.

Campbell concedes that Union Pacific may be able to establish that the

manager referral report is admissible as a business record under Federal Rule of

Evidence 803(6). However, he argues that the statement "I had MTO Stanley

Instness come down and verify what MYO Alcover observed and he observed the

same thing" is excludable hearsay. In general, it would appear that Leatherbury's

statements about what he did and what he told others to do would not be barred as

hearsay but the statement as to what MYO Alcover observed is either speculation

or is based upon a hearsay statement and is probably excludable. However,

objections to hearsay are best assessed when the statements are presented in

context at trial. Therefore, the Court will reserve ruling on the evidence until the

context of the proffered evidence is clear and the Court can determine whether

some other exception to the hearsay rule applies. Accordingly, the Court will deny

the motion without prejudice to re-raise at trial.

## 2.  Plaintiff's Motion to Exclude Evidence of Train Accidents

Campbell seeks to exclude evidence of train accidents but has not identified

a specific train accident for the Court to consider. Campbell argues all train

accidents that occurred at a remote time and in a remote location that were not

caused by the same condition at issue here should be excluded because they are

irrelevant under Federal Rule of Evidence 401 and the probative value of the

evidence is substantially outweighed by the risk of confusion of the issues and

prejudice under Federal Rule of Evidence 403. Union Pacific argues that train

accidents are relevant to the risk assessment performed as part of Campbell's

fitness for duty evaluation and to Union Pacific's direct threat affirmative defense.

MEMORANDUM DECISION AND ORDER - 4

Union Pacific has not identified any specific train accident it intends to introduce into evidence but notes that train accidents "involving *Trainmen* provide relevant – and essential – information" that was considered by Dr. Holland as part of the fitness for duty evaluation. (Dkt. 70 at 3).

Without specific train accidents to consider, it is difficult for the Court to determine whether any particular accident may be irrelevant or precluded by Rule 403. But, generally speaking, it would seem that unless the accident is close on its facts to the situation presented here, it would either be irrelevant or its relevance would be outweighed by the potential of such evidence to confuse the issues, cause undue delay, or waste the court's time.  Nevertheless, the Court will reserve ruling until it hears the evidence in context and Union Pacific has had an opportunity to explain the relevance of such evidence. Accordingly, the Court will deny the motion without prejudice to it being raised during trial.

      **B.**     **Defendant's Motions in *Limine***

          **1.**  **Defendant's Motion to Exclude Plaintiff's Undisclosed and Untimely Damages Expert, Computations and Witnesses**

Union Pacific seeks to exclude two of Campbell's witnesses, Kara Campbell and Alexander Wise, and any computation of his claimed damages. In his response, Campbell clarified that he does not intend to call Wise as a witness and will not rely on expert testimony to present his damages. (Dkt. 72 at 11 n. 9). Thus,

only the motions to exclude Kara Campbell as a witness and the damages

computations remain.

### *a.* Testimony of Kara Campbell

Union Pacific argues that Campbell failed to timely disclose his wife as a

person likely to have discoverable information or as someone who might testify at

trial. On February 16, 2021 Campbell informed Union Pacific via email that he

intended to call his wife, Kara Campbell, to show emotional distress damages and

offered Union Pacific the opportunity to depose or speak to her informally. On

March 5, 2021 Campbell served his First Supplemental Rule 26(a)(1) Disclosures

identifying Kara Campbell as a potential witness.

The Federal Rules of Civil Procedure require parties to provide to other

parties "the name ... of each individual likely to have discoverable information—

along with the subjects of that information—that the disclosing party may use to

support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). And, "[a] party who

has made a disclosure under Rule 26(a) ... must supplement or correct its

disclosure" in a "timely manner if the party learns that in some material respect the

disclosure ... is incomplete or incorrect, and if the additional or corrective

information has not otherwise been made known to the other parties during the

discovery process or in writing." Fed. R. Civ. P. 26(e).

**MEMORANDUM DECISION AND ORDER - 6**

A party that does not timely update its discovery or disclosures under Rule 26 may not use the substance of the discovery response to supply evidence at a trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105 (9th Cir. 2001). The party seeking to introduce the discovery must prove harmlessness. *Yeti*, 259 F.3d at 1107. Whether a Rule 26(a) violation is "justified" or "harmless" is entrusted to the court's discretion based on such factors as: (1) the importance of the evidence; (2) whether the party against whom it is offered is prejudiced or surprised; (3) that party's ability to discover the evidence; (4) whether the nondisclosure was willful or inadvertent; and (5) whether exclusion of the evidence would disrupt the trial.

Campbell argues that Union Pacific was well aware of Kara Campbell's existence because she was disclosed in response to an interrogatory asking about Campbell's spouse. However, knowledge that Campbell was married is not the same as knowing that Campbell intended to call his wife as a witness at trial, or that her anticipated testimony would be related to emotional distress damages. Although Campbell offered Union Pacific the opportunity to depose Kara Campbell in February, this did not cure Campbell's non-compliance with the disclosure requirements of Rule 26(a)(1). The Court finds that Campbell has not

**MEMORANDUM DECISION AND ORDER - 7**

met the burden of showing that nondisclosure was harmless. Accordingly, the

Court will grant the motion and Kara Campbell's testimony will be excluded.

### b.   Damages Calculations

Union Pacific alleges that Campbell failed to timely provide a computation

of his alleged damages and therefore his recent disclosure of his damages

calculation should be excluded. Campbell argues that the recent disclosure was

merely an update of previous disclosures using updated comparator pay data

recently disclosed by Union Pacific.

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires a party to disclose a

computation of each category of damages. However, the term "computation" or the

level of specificity required by Rule 26(a) is not clearly defined. Campbell

provided a damages estimate based on the information available at the outset of

this case. He then timely sought additional information on comparator pay data in

order to refine his calculation. The requested data was not provided for all

comparable employees until after the close of discovery and did not initially

provide sufficient characteristics of the employees to determine if their positions

and compensation were comparable to the positions Campbell held. Campbell

provided updated damages calculations one week after Union Pacific identified

that the employees were in fact comparators. Based on the timing of discovery on

**MEMORANDUM DECISION AND ORDER - 8**

comparator pay data, the timing of Campbell's disclosure of damages calculations

was reasonable. Therefore, the Court will deny the motion.

### 2. Defendant's Motion Regarding Miscellaneous Evidentiary Issues

#### a. Excluding Evidence of Other Claims and Litigation Against Union Pacific.

Union Pacific seeks an order preventing Campbell from offering evidence of

other disability discrimination claims or litigation pending against Union Pacific.

Union Pacific argues that this evidence is inadmissible hearsay. Further, Union

Pacific argues the evidence is irrelevant and would constitute propensity evidence

which would unfairly prejudice or confuse the jury.  Campbell objects, arguing that

the evidence is admissible as evidence of Union Pacific's discriminatory intent.

As noted above, objections to hearsay are best assessed when the statements

are presented in context at trial. Therefore, the Court will reserve ruling on the

hearsay objection until a context of the proffered evidence is clear and the Court

can determine whether an exception to the hearsay rule applies.

Federal Rule of Evidence 404(b) permits the use of evidence of any other

crime, wrong or act to show motive, opportunity, intent, preparation, plan,

knowledge, identity, absence of mistake, or lack of accident. Thus, evidence of

other fitness for duty evaluations including the same set of medical policies, the

**MEMORANDUM DECISION AND ORDER - 9**

same decision-makers, and similar impacts on other individuals with disabilities that shows a pattern or practice of activity is relevant to establish motive, intent and knowledge and is therefore admissible under Federal Rule of Evidence 404(b). Accordingly, the Court will deny the motion.  However, the Court will permit the Union Pacific to renew their objection at trial, so that the Court can determine whether the specific claims identified are relevant to issues of malice, recklessness, or intent.

> b.   Excluding Any Reference to Summary Judgment or Motion in *Limine* Proceedings in this Case

Union Pacific seeks to exclude evidence or argument related to the prior summary judgment proceedings or motions *in limine*. Union Pacific argues that any reference to these prior proceedings would cause significant unfair prejudice to Union Pacific. Particularly, Union Pacific would be prejudiced if the jury were told that Union Pacific filed a motion for summary judgment and that the motion was denied, or that Union Pacific filed motions *in limine* to exclude Campbell's evidence. Furthermore, Union Pacific argues that this procedural history is not relevant and would be confusing and misleading to the jury.

While Campbell argues that the Court should deny Union Pacific's request, Campbell simply asserts that he will abide by the applicable Rules of Evidence.

The Court finds that any reference to or mention of summary judgment or

MEMORANDUM DECISION AND ORDER - 10

motions *in limine* would be highly prejudicial. Therefore, Union Pacific's Motion

is granted.

> c. Excluding Evidence and Argument Related to Punitive
>    Damages

Union Pacific seeks to exclude evidence and argument related to punitive

damages, arguing that there is no evidence Union Pacific engaged in

discriminatory practices or reckless indifference. Union Pacific further argues that

evidence and argument related to Union Pacific's net worth would be prejudicial.

In the initial stage of the trial, Campbell cannot argue to the jury that he is entitled

to punitive damages or put on evidence of Union Pacific's financial position in

support of that claim. Campbell will only be allowed to present evidence that

Union Pacific engaged in discriminatory practices that were "malicious,

oppressive, or in reckless disregard for the plaintiff's rights." *See* 9th Cir. CJI ¶ 5.5

(2020). If, at the close of evidence, the Court determines that the evidence

presented supports an award for punitive damages, the Court will instruct the jury

to determine whether Union Pacific actions were malicious, oppressive, or in

reckless disregard for the plaintiff's rights. If the jury finds for Campbell on this

issue, then it will be necessary to conduct another phase of the trial at which time

Campbell may submit evidence and arguments in support of punitive damages.

**MEMORANDUM DECISION AND ORDER - 11**

####    d.    Excluding Witnesses' Opinions of Unfair Treatment or Violations of the Law

Union Pacific seeks to exclude any testimony by Campbell's witnesses that they subjectively feel that Union Pacific treated Campbell unfairly or violated the ADA. Campbell defers to the applicable rules of evidence on this issue. Federal Rule of Evidence 701 permits witnesses not testifying as an expert to testify in the form of an opinion if the opinion is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

Subjective opinions by non-expert witnesses on the ultimate issues of the case invade the province of the Court to determine what the law is, and the province of the jury to determine whether Union Pacific did or did not violate its obligations under the ADA. Therefore, the Court will grant the motion.

####    e.    Excluding Confidential Documents Produced Under the Protective Order in the *Harris* Class Action Dispute

Union Pacific seeks to exclude documents produced as confidential in a previous class action against Union Pacific styled as *Harris v. Union Pacific Railroad Co.* because use of the documents is restricted to putative class members bringing their own claims. Both parties agree that Campbell's name was on the

**MEMORANDUM DECISION AND ORDER - 12**

class list that the named plaintiffs relied upon in seeking and initially prevailing on

class certification, however Union Pacific argues that Campbell was not a putative

class member because he was not subject to a fitness for duty examination as a

result of a reportable health event. Campbell objects, arguing that the theory of

what bound the *Harris* class together was the policy and not the specific medical

condition that prompted the fitness for duty evaluation. The Court is not persuaded

that Campbell is not a putative class member. At least two of the named plaintiffs

in *Harris*, Zinn and Baker, were subjected to a fitness for duty evaluation for

conditions that do not appear in Union Pacific's definition of a "reportable health

event." (*See* Dkt. 72-2 at 6). Further, the policy itself states that "[s]upervisor's

have the ability to request a Fitness-for-Duty evaluation based on credible

information which raises a concern about the employee's ability to safely perform

his/her job duties." (Dkt. 60-2 at 21). This is the exact reason that Campbell was

required to participate in a fitness for duty evaluation. Therefore, the Court finds

that Campbell is a putative class member and falls into the exception of the

protective order of those who may use documents designated as confidential in the

*Harris* class action. Accordingly, the Court will deny the motion.

> *f.* Prohibiting Plaintiff's Experts from Testifying as to
> Ultimate Legal Conclusions

**MEMORANDUM DECISION AND ORDER - 13**

Union Pacific seeks to prevent Campbell's expert witnesses from testifying as to ultimate legal conclusions. The Ninth Circuit has made clear that while experts may testify to their opinions regarding the factual matters in issue, experts may not give an opinion on an ultimate issue of law or instruct the jury on the applicable law. *Nationwide Transport Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008). Therefore, the Court will grant the motion.

> g.  Excluding Evidence or Argument That Union Pacific Was
> Required to Conduct an In-Person Medical Examination

Union Pacific seeks to exclude evidence that Union Pacific was required to conduct an in-person medical examination. Union Pacific is correct that the ADA does not require Union Pacific to conduct an in-person medical examination; however, as Campbell points out, an employer must conduct an individualized assessment and consult with the employee to establish the precise limitations of the employee. Campbell argues that the failure to conduct an in-person examination is relevant to the sufficiency of the interactive process and probative of Union Pacific's discriminatory intent. Therefore, the Court will grant the motion to the extent that it seeks to exclude Campbell from arguing that Union Pacific is required by law to conduct the in-person examination, but will not exclude evidence that an in-person exam was not conducted. Further, Campbell may argue

MEMORANDUM DECISION AND ORDER - 14

that without an in-person exam the inquiry Union Pacific performed was not

sufficiently individualized.

> *h.* Excluding Evidence and Argument Related to Injunctive
> Relief

Union Pacific seeks to exclude any argument and evidence related to

injunctive relief. Injunctive relief is a question for the Court, not the jury, and any

evidence related thereto is not relevant and would risk confusion of the issues.

Therefore, the Court will grant the motion.

### 3.  Defendant's Motion to Exclude Claims of Discrimination Related to Carman Position

Union Pacific seeks to exclude claims of discrimination related to the

Carman position. Union Pacific argues that Campbell's disability discrimination

claim is based on Union Pacific's failure to hire him to the Trainman position and

that Campbell's allegation that Union Pacific discriminated against him as to the

Carman position is improper because Campbell failed to exhaust his administrative

remedies at the Equal Employment Opportunity Commission ("EEOC") and

evidence on this new claim would be highly prejudicial to Union Pacific.

Campbell argues that the work restrictions have always been at issue. In

his Complaint, he alleges that Union Pacific "permanently restricted [Campbell]

from working as a Trainman (among other things)." Although Campbell was laid

off from the Carman position after he filed his Complaint, he argues that the

Carman position discrimination has been (pre)tried by implied consent from the

parties.

Even if the Complaint did not thoroughly describe the alleged Carman

position discrimination, this claim is "like or reasonably related to" the Trainman

allegations and there is no basis for Union Pacific to assert that it lacked notice of

this claim. *See Oubichon v. North Am. Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir.

1973). Union Pacific placed the Carman position at issue during summary

judgment by arguing that it reasonably accommodated Campbell's work

restrictions through placing him at the Carman position. Moreover, Campbell's

attorney did question Dr. Holland about the Carman position. As such, it cannot be

said that Union Pacific was unaware of these allegations, or that they are

prejudiced by having to defend against the claim. Therefore, the Court will deny

Union Pacific's Motion.

## ORDER

**IT IS ORDERED that:**

1.    Plaintiff's Motion to Exclude or Properly Advise the Jury Regarding

      Certain Hearsay Evidence (Dkt. 51) is DENIED without prejudice to

      re-raise at trial.

**MEMORANDUM DECISION AND ORDER - 16**

2.    Plaintiff's Motion to Exclude Evidence of Train Accidents (Dkt. 53)

is DENIED without prejudice to re-raise at trial.

3.    Defendant's Motion to Exclude Plaintiff's Undisclosed and Untimely

Damages Expert, Computations and Witnesses (Dkt. 59) is

GRANTED in part and DENIED in part.

4.    Defendant's Motion Regarding Miscellaneous Evidentiary Issues

(Dkt.  60) is GRANTED in part and DENIED in part.

5.    Defendant's Motion to Exclude Claims of Discrimination Related to

Carman Position (Dkt.  65) is DENIED.

DATED: April 9, 2021

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 17**