UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| THOMAS CAMPBELL, | Case No. 4:18-cv-00522-BLW |
|---|---|
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| UNION PACIFIC RAILROAD CO., | |
| Defendant. | |

## INTRODUCTION

Plaintiff Thomas Campbell filed this action against Defendant Union Pacific Railroad Company alleging disability discrimination and failure to accommodate in violation of the Americans with Disabilities Act, 42 U.S.C. 12112(a). A jury trial was held in this matter and after deliberation the jury returned a verdict in favor of Campbell. The issue of front pay and back pay were submitted to the jury for an advisory verdict. The jury's advisory verdict awarded Campbell $39,530.40 in back pay and $312,591.23 in front pay. The Court will adopt the jury's findings and grant Mr. Campbell equitable relief in the form of front pay and back pay.

## BACKGROUND

In support of his claim for damages, Mr. Campbell presented estimated front

and back pay wages. In calculating his damages, Mr. Campbell relied on comparator pay data for the three individuals above him and the three individuals below him on Union Pacific's seniority list in 2018, 2019 and part of 2021. The pay data for 2020 was excluded as an outlier due to the pandemic.

Mr. Campbell testified that he was pulled from service as a trainman on May 3, 2017, and he started work as a carman on August 25, 2017. He estimates that his lost wages for that time period total $39,530.40.

Using the comparator pay data, he estimated a future salary of $62,585. Mr. Campbell testified that, when he was hired by Union Pacific, he planned to work there until retirement. He also testified that he estimated his lost wages based on retirement in 23 years at the age of 66. After subtracting his wages for his time working as a carman and his current position at the City of Pocatello through to retirement, and using the stipulated discount rate of 2.3%, he calculated his total front pay for 23 years of work is $312,591.23.

**LEGAL STANDARD**

Under the ADA, a court has discretion to award such equitable relief as warranted, including front pay and back pay. See 42 U.S.C. § 1981a (incorporating the remedies of Title VII of the Civil Rights Act, which in turn, authorizes the court to "order such affirmative action as may be appropriate, which may include

... reinstatement ..., with or without back pay ..., or any other equitable relief as the court deems appropriate."); *see also Traxler v. Multnomah Cnty.,* 596 F.3d 1007, 1011-13 (9th Cir. 2010) (holding that front pay under the FMLA, which provides "such equitable relief as may be appropriate," is an equitable remedy to be determined by the court)*; Lutz v. Glendale Union High School,* 403 F.3d 1061, 1069 (9th Cir. 2005) (holding that back pay under the ADA is an equitable remedy to be determined by the court). Employees who have proven employment discrimination are presumptively entitled to back pay. *Albarmarle Paper Co. v. Moody*, 442 U.S. 405, 421-22 (1975). The statutory cap on compensatory damages in Title VII cases does not apply to front pay awards because front pay is not an element of compensatory damages. *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843; *Gotthardt v. National R.R. Passenger Corp.*, 191 F.3d 1148.

## ANALYSIS

Based upon the jury's verdict in favor of Mr. Campbell, and the evidence in the record, the Court finds that it has discretion to award Mr. Campbell front pay and back pay as an equitable remedy in this case.

The Court finds no reason to depart from the jury's award of back pay in the amount of $39,530.40. Based on the evidence heard at trial, specifically Campbell's testimony based on comparator pay data and the dates he was removed

from service, the Court finds by a preponderance of the evidence that Campbell lost $39,530.40 in wages.

The Court also finds reasonable the jury's advisory verdict that Campbell should receive $312,591.23 in front pay. At trial, Campbell testified that he intended to remain at Union Pacific until he retired. The Court accepts that testimony concerning his intent and finds, based on his work history and future career plans, that his estimate of retirement at age 66 is reasonable. Campbell presented evidence to establish that his future lost salary would be $62,585 per year. He also established that he mitigated damages by seeking and obtaining first a carman position with Union Pacific, and later employment with the City of Pocatello. Using the stipulated discount rate of 2.3% and subtracting his wages from alternate employment, Mr. Campbell estimated that his front pay would be $312,591.23. Therefore, considering the amount Campbell would have earned until retirement as a trainman and the wages he earned from seeking alternate employment, the Court finds by a preponderance of the evidence Campbell is entitled to the $312,591.23 in front pay. Accordingly, the Court will adopt the jury's advisory verdict, suggesting that Campbell should be awarded $39,530.40 in back pay and $312,591.23 in front pay.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff Thomas Campbell recover from the Defendant Union Pacific Railroad Co. back pay in the amount of $39,530.40.

2. Plaintiff Thomas Campbell recover from the Defendant Union Pacific Railroad Co. front pay in the amount of $312,591.23.

DATED: July 13, 2021

_____
B. Lynn Winmill
U.S. District Court Judge