UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS CAMPBELL,<br><br>Plaintiff,<br><br>v.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>Defendant. | Case No. 4:18-cv-00522-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. 116). Having reviewed the parties' briefs and the record in this matter, the Court concludes that oral argument is not necessary. Accordingly, for the reasons explained below the Court will grant in part and deny in part the Plaintiff's motion and award Plaintiff attorney's fees in the amount of $416,752.50 and non-taxable costs in the amount of $56,367.49.

## BACKGROUND

Plaintiff Thomas Campbell filed this action against Defendant Union Pacific Railroad Company alleging disability discrimination and failure to accommodate in violation of the Americans with Disabilities Act, 42 U.S.C. 12112(a). Both

claims survived summary judgment and a jury trial was held in this matter. After deliberation the jury returned a verdict in favor of Campbell on all claims. The Court submitted the issues of front pay and back pay to the jury for an advisory verdict. The jury awarded Campbell back pay in the amount of $39,530.40 and front pay through his retirement date in the amount of $312,591.23.  The Court adopted the jury's findings. The jury also awarded $3.5 million in compensatory and punitive damages.

As the prevailing party in the action, Campbell filed the present motion seeking to recover attorney's fees and costs. He also filed a Bill of Costs seeking recovery of taxable costs that will be addressed separately by the Clerk of the Court.

Campbell requests attorney's fees in the amount of $769,651.50 and costs in the amount of $56,367.49. Campbell also asked the Court to apply a multiplier of 1.5 as a lodestar enhancement, bringing the total fee award to $1,154,477.25. Union Pacific asserts four grounds upon which the court should decline to award Plaintiff's counsel attorneys' fees in the amount requested. First, Union Pacific argues that the requested hourly rate is unreasonable because Plaintiff's counsel is not entitled to an out-of-forum rate.  Second, Union Pacific claims that the number of hours worked is unreasonable. Third, Union Pacific asserts that certain

requested fees are not compensable. Fourth, Union Pacific contends that a lodestar enhancement is not justified in this case. In sum, Union Pacific asserts that Campbell is entitled to recover $292,132.00 in fees and costs. Each of these arguments is addressed below.

## LEGAL STANDARD

In general, the American Rule states that each party to a lawsuit bears its own attorney fees unless Congress has statutorily provided otherwise. *Hensley v. Eckerhart,* 461 U.S. 424, 429 (1983). The ADA is one area where Congress has statutorily allowed courts to award reasonable attorney's fees. *Jankey v. Poop Deck,* 537 F.3d 1122, 1129 (9th Cir. 2008); 42 U.S.C. § 12205. The purpose for allowing attorney's fees in civil rights actions is to ensure that plaintiffs have "effective access to the judicial process." *Hensley,* 461 U.S. at 429. "If successful plaintiffs were routinely forced to bear their own attorneys' fees, few aggrieved parties would be in a position to advance the public interest by invoking the injunctive powers of the federal courts." *Jankey,* 537 F.3d at 1131. Therefore, in most instances a prevailing party should recover attorney's fees. *Hensley,* 461 U.S. at 429.

In the Ninth Circuit, the proper method for determining reasonable attorney fees is the two-step "lodestar method." *Haegar v. Goodyear Tire and Rubber Co.*,

813 F.3d 1233, 1249 (9th Cir. 2016). First, the court must evaluate whether the rate charged and the hours expended by the attorneys were reasonable. *Hensley*, 461 U.S. at 433. The hourly rate and the hours expended are then multiplied to establish an initial estimate of the value of the attorney's fees. *Hensley*, 461 U.S. at 433. This lodestar figure is a presumptively reasonable fee. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).

In evaluating the fee award, the court should consider the factors set forth in *Kerr v. Screen Extras Guild, Inc.*: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." 526 F.2d 67, 69–70 (9th Cir. 1975). When the lodestar calculation fails to account for one of these factors, the court has discretion to adjust the lodestar figure up or down to provide a reasonable award. *See Morales*, 214 F.3d 1041, 1045–47 (9th Cir. 2000).

The party seeking fees has the burden of submitting evidence to establish the claimed rates and hours expended are reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). The opposing party has the burden of rebuttal and must submit evidence challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party via affidavit. *Gates v. Deukmejian*, 987 F.2d 1392, 1397-1398 (9th Cir. 1992).

## ANALYSIS

Before awarding fees, the Court must determine whether the plaintiff was prevailing party and what constitutes a reasonable amount. *Fischer v. SJB–P.D. Inc.,* 214 F.3d 1115, 1118–19 (9th Cir. 2000). There is no question here that Campbell is the prevailing party, so the Court will proceed directly to the determination of a reasonable fee award.

### A.      Reasonableness of the Requested Hourly Fees

Campbell's counsel billed 1,249.6 hours for the work of six attorneys at Nichols Kaster, PLLP—James H. Kaster, Partner; David E. Schlesinger, Partner; Charles A. Delbridge, Associate; Lucas J. Kaster, Associate; Neil D. Peterson, Associate; and Lindsey E. Krause, Associate—and 17 hours for local counsel at Strindberg Scholnick—Erika Birch, Partner; and Guy Hallam, Partner. (Dkt. 118 at 9-10). The hours were billed at different rates depending on which attorney did the

work. Campbell's counsel also requests fees for 504.8 hours of work performed by professionals at Nichols Kaster and 6.2 hours of work performed by a professional at Strindberg Scholnick.

Campbell's attorneys provided the Court with an itemized statement detailing the services they provided to Campbell (Dkt. 118-4) and a table summarizing the hourly rates and total hours expended by each individual. (Dkt. 118 at 9–10). After reviewing the briefing and the record, the Court concludes that the hourly rates charged by Campbell's attorneys must be reduced to reflect the prevailing rate in this forum.  The Court will discuss its findings in detail below.

### 1.  Hourly Rate

Campbell's requests for fees are based on each attorney's experience and the location of the firm. Union Pacific objects to the hourly rates requested by the attorneys from Nichols Kaster but does not oppose the rates requested by Campbell's local counsel at Strindberg Scholnik.

As stated above, a court must make a determination as to whether the hourly rate charged by an attorney is reasonable. *Hensley*, 461 U.S. at 433. The test for determining a reasonable hourly rate requires the court to compare the requested rate to those of lawyers with reasonably comparable skill, experience, and reputation in the relevant market. *See Blum v. Stenson*, 465 U.S. 886, 896 n.11

(1984); *see also Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997). In making

this determination, the Court should take into consideration the *Kerr* factors. *Kerr*,

526 F.2d at 70; *Chalmers*, 796 F.2d at 1213. It is the responsibility of the attorney

seeking an award to submit evidence showing that the hourly rates are reasonable.

*Hensley*, 461 U.S. at 433. However, it is not an abuse of discretion for a district

court to rely in part on its own knowledge and experience in determining a

reasonable hourly rate. *Ingram*, 647 F.3d at 928.

The Court will begin by finding, based on the evidence submitted by both

parties and the Court's knowledge of attorney rates in the District of Idaho, that the

rate of $325/ hour for Erika Birch and Guy Hallam, both partners at Strindberg

Scholnik in Boise, and $120/ hour for Dunja Subasic, a paralegal at the same firm,

are reasonable. Next, the Court must determine the relevant market in order to

determine reasonable hourly rates for Nichols Kaster's attorneys and support staff.

### a.  The Relevant Market

Campbell was represented by the Nichols Kaster law firm located in

Minneapolis, Minnesota. The attorneys and professionals at Nichols Kaster request

fees at their normal hourly rates, asserting that the relevant market is the national

market rather than the District of Idaho because local attorneys were both

unwilling and unable to take Campbell's case. Union Pacific argues that the

evidence Campbell provided is insufficient and, in fact, disproves his assertion that local counsel was unavailable.

In the Ninth Circuit, the general rule is that fee awards are calculated using the prevailing market rates in the forum district. *Gates v. Deukmejiam*, 987 F.2d 1392, 1405 (9th Cir. 1992). However, rates outside the forum may be used "if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). The party seeking fees must show that local counsel was *either* unable *or* unwilling—both need not be proven. *Barjon v. Dalton*, 132 F.3d 496, 501–502 (9th Cir. 1997).

Here, Campbell stated in his affidavit, that he "spoke with at least six different law firms in Idaho and surrounding States but was unsuccessful in getting anyone to represent me in my claims against Union Pacific," because "it would take too long and they lacked the resources necessary" to handle the case. (Dkt. 119, ¶ 7). He was eventually referred to Nichols Kaster. The firm accepted the case on a contingency fee basis and agreed to advance the litigation expenses. (Dkt. 119 at 2).

Campbell requests fees based on the national market because local counsel

was unavailable and unwilling to represent his case. The Court will begin by addressing the suggestion that local counsel were unable to represent Campbell in this matter because they lacked the skill and expertise to do so. The District of Idaho has a fairly small pool of attorneys compared to other judicial districts. As a result, the Court is familiar with many of the local attorneys practicing in this particular area of law. Based on the Court's knowledge of the local bar and experience presiding over similar actions in this district, the Court rejects Campbell's assertion that none of the attorneys in the District of Idaho possess the degree of experience, expertise or specialization required to handle this case.

The Court also finds that that Campbell has not provided sufficient evidence to establish that local counsel was unwilling to represent him in this matter. To be sure, it is not necessary that Campbell have contacted every attorney practicing employment law in the District of Idaho before he can turn to out-of-forum counsel. However, before being awarded fees at a rate which is more than double the local prevailing rate, Campbell must provide some detail as to the efforts made to find local representation.  No detail was provided as to what efforts were made. Were the inquiries limited to Blackfoot, Idaho and similarly sized communities in western Wyoming or northern Utah?  Or, did Campbell expand his search to larger nearby legal markets such as Boise or Salt Lake City?  Similarly, was his search

limited to small law firms with no employment law expertise?   Or did his search include Idaho firms who specialize in employment law generally, or ADA claims specifically?  The record is unclear.   Simply put, Campbell has not carried his burden to show that qualified attorneys were unable or unwilling to handle his case.  Accordingly, the Court finds that out-of-forum rates are not appropriate in this case.

### b.  The Prevailing Hourly Rates

Having determined that the local prevailing rate should be used, the Court will apply the same rates used by Campbell's local counsel in calculating the lodestar amount. Those rates will be as follows:

| Professional | Firm | Position | Hourly Rate |
|---|---|---|---|
| James H. Kaster | Nichols Kaster, Minneapolis | Senior Partner | $325 |
| David E. Schlesinger | Nichols Kaster, Minneapolis | Partner | $325 |
| Charles A. Delbridge | Nichols Kaster, Minneapolis | Senior Associate | $250 |
| Lucas J. Kaster | Nichols Kaster, Minneapolis | Senior Associate | $250 |
| Neil D. Pederson | Nichols Kaster, Minneapolis | Associate | $250 |
| Lindsey E. Krause | Nichols Kaster, Minneapolis | Associate | $250 |

| Erika Birch | Strindberg Scholnick, Boise | Partner | $325 |
|---|---|---|---|
| Guy Hallam | Strindberg Scholnick, Boise | Partner | $325 |
| Karla Pathmann | Nichols Kaster, Minneapolis | Sr. Paralegal | $120 |
| Heather O'Neil | Nichols Kaster, Minneapolis | Sr. Paralegal | $120 |
| Eric Doyle | Nichols Kaster, Minneapolis | Legal Assistant | $120 |
| Alex Smith | Nichols Kaster, Minneapolis | Paralegal | $120 |
| Kayla Holovnia | Nichols Kaster, Minneapolis | Legal Assistant | $120 |
| Sherick Francois | Nichols Kaster, Minneapolis | Legal Assistant | $120 |
| Abou Amara | Nichols Kaster, Minneapolis | Law Clerk | $120 |
| Cameron Pylka | Nichols Kaster, Minneapolis | Litigation support | $120 |
| Dave Bodger | Nichols Kaster, Minneapolis | Financial loss analyst | $120 |
| Alex Wise | Nichols Kaster, Minneapolis | Financial loss analyst | $120 |
| Angi Kittelson | Nichols Kaster, Minneapolis | e-Discovery Manager | $120 |
| Christopher Good | Nichols Kaster, Minneapolis | Director of IT | $120 |
| Dunja Subasic | Strindberg Scholnick, Boise | Paralegal | $120 |

## 2.  Hours Expended

After a court determines the reasonable hourly rate to be applied, the next step is to evaluate whether the hours expended are reasonable. *Hensley*, 461 U.S. at 433. Again, the court should consider the *Kerr* factors to aid in its determination. *Id.*

When determining the number of hours to be used to calculate the lodestar, the Court should exclude hours "that were not reasonably expended." *Hensley*, 461 U.S. at 434. The party seeking fees "should make a reasonable effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary" and bears the burden of submitting evidence to establish that the hours expended are reasonable. *Id.; Blum v. Stenson*, 465 U.S. 886, 897 (1984).

Campbell seeks to recover fees for a total of 1,266.6 attorney hours and 511 support staff hours as summarized in the following table:

| Professional | Firm | Experience | Total Hours |
|---|---|---|---|
| James H. Kaster | Nichols Kaster | Partner | 506.4 |
| David E. Schlesinger | Nichols Kaster | Partner | 56.1 |
| Charles A. Delbridge | Nichols Kaster | Associate | 89 |
| Lucas J. Kaster | Nichols Kaster | Associate | 328.1 |
| Neil D. Pederson | Nichols Kaster | Associate | 49.8 |
| Lindsey E. Krause | Nichols Kaster | Associate | 220.2 |

| | | | |
|---|---|---|---|
| Erika Birch | Strindberg Scholnick | Partner | 16 |
| Guy Hallam | Strindberg Scholnick | Partner | 1 |
| Karla Pathmann | Nichols Kaster | Sr. Paralegal | 276 |
| Heather O'Neil | Nichols Kaster | Sr. Paralegal | 0.2 |
| Eric Doyle | Nichols Kaster | Legal Assistant | 0.5 |
| Alex Smith | Nichols Kaster | Paralegal | 113 |
| Kayla Holovnia | Nichols Kaster | Legal Assistant | 1.2 |
| Sherick Francois | Nichols Kaster | Legal Assistant | 64.3 |
| Abou Amara | Nichols Kaster | Law Clerk | 10.8 |
| Cameron Pylka | Nichols Kaster | Litigation support | 17.1 |
| Dave Bodger | Nichols Kaster | Financial loss analyst | 1.5 |
| Alex Wise | Nichols Kaster | Financial loss analyst | 14.8 |
| Angi Kittelson | Nichols Kaster | e-Discovery Manager | 1.4 |
| Christopher Good | Nichols Kaster | Director of IT | 0.2 |
| Dunja Subasic | Strindberg Scholnick | Paralegal | 6.2 |

Union Pacific challenges a significant portion of the hours billed by Nichols Kaster. These objections can be grouped into the following categories: (1) block billing, vague descriptions and excessive time entries, (2) time billed for intra-

office meetings; (3) travel time[1]; and (4) non-substantive work performed by support staff. The Court will address each of these categories below.

>    a.   *Block Billing, Vague Descriptions and Excessive Time Entries*

Union Pacific objects to several categories of time expended by attorney James Kaster and paralegal Karla Pathmann as block-billed, vague or excessive. The Court recognizes the party claiming attorney's fees "bears the burden of submitting evidence supporting the hours worked." *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000). However, the party "is not required to record in great detail each minute" of time expended. *Id.* The documentation need only be sufficiently specific to allow the court to conclude that the time spent was reasonable. *USW v. Ret. Income Plan for Hourly-Rated Emples. of ASARCO, Inc.*, 512 F.3d 555, 565 (9th Cir. 2008).

Union Pacific objects to several categories of time billed by James Kaster: (1) time spent preparing for Dr. Holland's deposition; (2) time spent responding to Defendant's motions in limine; (3) time spent reviewing depositions for trial; (4)

---

[1] Union Pacific's objections to travel time will be analyzed in Section 3 along with the non-taxable costs.

time spent on "trial preparation"; (5) time spent on mock trial; and (6) time spent on the fee petition and settlement. The Court considered each time entry and the entire billing detail as a whole in evaluating a Union Pacific's objections to the reasonableness of hours expended. (Dkt. 118-4).

First, the Court finds that the descriptions for the contested time entries provide sufficient detail. Although these entries contain less detail than is typically provided by James Kaster, considered within the overall context of his billing, the Court finds that these time entries are specific enough to allow the Court to determine the nature of the task and whether the time expended was reasonable.

Next, the Court considers whether the time spent on these tasks was reasonable. Nichols Kaster accepted this case on a contingency fee basis and agreed to advance litigation costs. Lawyers are not likely to spend unnecessary time or money on contingency fees where the payoff amount and result are uncertain. *Id*. Further, courts "should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

This case involved extensive motion practice by excellent attorneys who relied heavily on expert testimony related to complex medical issues. For example,

Defendant's submitted 40 pages of briefing in support of its 10 motions *in limine*. Additionally, the parties presented approximately 7.5 hours of expert testimony at trial, using more than one-third of the total trial time scheduled for this case. Based on all these circumstances, and the Court's familiarity with the record and the nature of the litigation, the Court finds that the time spent on motion practice and preparing for depositions and trial was reasonable.

Defendants assert that time spent preparing for and conducting a mock trial was unreasonable. The Court has discretion to decide whether this was a reasonable expense under the circumstances. *Reed*, 388 F.3d at 1286-1287. Considering the extensive expert testimony and the possibility that this represented the first jury verdict in a case challenging a complex fitness-for-duty program that affects hundreds of employees, the Court finds that the mock trial was a reasonable expense. While the Court does not suggest that mock trials are necessary or recoverable expenses in every action, given that Plaintiffs ultimately prevailed, the Court cannot say that the mock trial was not a contributing factor in the outcome of the case. As such, the Court will defer to the judgment of the prevailing attorneys and will not reduce the award based on this objection. *Id.*

### b.  Intra-office meetings

Union Pacific claims that Campbell's counsel unreasonably billed 265

"intra-office" meetings that reflect duplicative work. Defendants also point to *Welch v. Metropolitan Life Ins. Co.* wherein the Ninth Circuit affirmed the district court's finding that intra-office meetings were unnecessary and duplicative in light of lead counsel's extensive experience. 480 F.3d 942, 949 (9th Cir. 2007). While the Ninth Circuit has indeed held that courts may reduce a fee award based on unnecessarily duplicative work, "determining whether work is unnecessarily duplicative is no easy task." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1110 (9th Cir. 2008).

Here, the total time billed for the "intra-office meetings" is 130.1 hours billed by the following individuals: J. Kaster, 33.0 hours; Schlesinger, 10.5 hours; Delbridge, 5.7 hours; L. Kaster, 30.3 hours; Pederson, 4.9 hours; Krause, 21.9 hours; Pathmann, 8.1 hours; and Smith, 15.7 hours. Here, as in *Welch,* lead counsel has substantial experience.  But, in this case, Campbell's attorneys went further and explained that the conferences were strategy meetings and discussions to resolve issues that arose during the litigation. (Dkt. 129 at 8).

When attorneys attempt to reduce costs by delegating tasks to additional attorneys or support staff, there will necessarily be some overlap as the team coordinates efforts to perform work efficiently. These entries by six attorneys and two support staff span more than three years while this case was aggressively

**MEMORANDUM DECISION AND ORDER - 17**

litigated. Based on these circumstances, the time billed for these meetings appears reasonable. Accordingly, the Court will not reduce the fee award based on this objection.

### c. Administrative and Clerical Work

Union Pacific objects to fees claimed for non-substantive work performed by paralegals, legal assistants, and other support staff. (Dkt. 128 at 8). Work that is secretarial in nature should not be billed separately – regardless of who performs it. S*ee Trustees of Const. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co*., 460 F.3d 1253, 1257 (9th Cir. 2006). Instead, these fees should be absorbed in the overhead costs. *Id.*

Here, Union Pacific objects to nearly 150 hours of non-substantive tasks including: filing and serving documents, document review and formatting, emails and phone calls, calendaring and scheduling, and uploading or exporting documents. The Court has reviewed both the summary provided by Union Pacific and the original time entries provided by Campbell and finds that the entries in the table reflect non-substantive work that should not be billed separately. Accordingly, these hours will be deducted from the overall fee award.

| Professional | Description[2] | Hours |
|---|---|---|
| Cameron Pylka | Uploading and exporting documents | 17.1 |
| Dave Bodger | Reviewing and formatting cost spreadsheet | 1.5 |
| Kayla Holovnia | Document formatting | 0.2 |
| Alex Smith | Sending emails | 5.7 |
| Alex Smith | Filing and service of documents | 2.9 |
| Alex Smith | Calendaring and scheduling | 8.0 |
| Karla Pathmann | Sending emails | 2.2 |
| Karla Pathman | Filing and service of documents | 1.6 |
| Heather O'Neil | Reviewing letter and emails | 0.2 |
| | TOTAL | 39.4 |

### 3.  Lodestar Amount

Upon review of the briefing and record, the Court finds the following hours

expended were reasonable and consistent with the nature of this litigation.

Accordingly, the Court finds that the lodestar amount is $416,752.50, as illustrated

below.

| Professional | Firm | Experience | Reasonable Rate | Hours Reasonably Expended | Lodestar |
|---|---|---|---|---|---|
| | | | | | |

---

[22] These are not the descriptions provided in the actual time entries submitted by Campbell. The Court has grouped the relevant entries into categories based on a broad description of the task performed for ease of reference.

| James H. Kaster | Nichols Kaster | Partner | $325 | 506.4 | $164,580.00 |
| David E. Schlesinger | Nichols Kaster | Partner | $325 | 56.1 | $18,232.50 |
| Charles A. Delbridge | Nichols Kaster | Associate | $250 | 89 | $22,250.00 |
| Lucas J. Kaster | Nichols Kaster | Associate | $250 | 328.1 | $82,025.00 |
| Neil D. Pederson | Nichols Kaster | Associate | $250 | 49.8 | $12,450.00 |
| Lindsey E. Krause | Nichols Kaster | Associate | $250 | 220.2 | $55,050.00 |
| Erika Birch | Strindberg Scholnick | Partner | $325 | 16 | $5,200.00 |
| Guy Hallam | Strindberg Scholnick | Partner | $325 | 1 | $325.00 |
| Karla Pathmann | Nichols Kaster | Sr. Paralegal | $120 | 276 | $33,120.00 |
| Eric Doyle | Nichols Kaster | Legal Assistant | $120 | 0.5 | $60.00 |
| Alex Smith | Nichols Kaster | Paralegal | $120 | 96.4 | $11,568.00 |
| Kayla Holovnia | Nichols Kaster | Legal Assistant | $120 | 1.2 | $144.00 |
| Sherick Francois | Nichols Kaster | Legal Assistant | $120 | 64.3 | $7,716.00 |
| Abou Amara | Nichols Kaster | Law Clerk | $120 | 10.8 | $1,296.00 |
| Alex Wise | Nichols Kaster | Financial loss analyst | $120 | 14.8 | $1,776.00 |
| Angi Kittelson | Nichols Kaster | e-Discovery Manager | $120 | 1.4 | $168.00 |

| Christopher Good | Nichols Kaster | Director of IT | $120 | 0.2 | $24.00 |
| Dunja Subasic | Strindberg Scholnick | Paralegal | $120 | 6.2 | $744.00 |
| | | | | **TOTAL** | **$416,752.50** |

### B.     Lodestar Enhancement

The Court finds that Campbell failed to carry the burden of establishing an extraordinary reason to justify the upward adjustment of the lodestar amount requested. The decision whether to enhance or reduce the lodestar multiplier is within the district court's discretion. *Stranger v. China Elec. Motor, Inc.*, 812 F.3d 734, 740 (9th Cir. 2016). The party seeking a fee award greater than the lodestar calculation bears the burden of proving the fee enhancement is necessary and must produce specific evidence that the lodestar amount is unreasonably low or unreasonably high. *Id.* at 546.

There is a strong presumption that the lodestar figure represents a reasonable fee. *Morales*, 96 F.3d at 363 n. 8. Modifications to the lodestar estimate are proper only in "rare and exceptional circumstances and must be supported by specific evidence in the record and detailed findings by the court. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546–62 (2010); *Pennsylvania*, 478 U.S. at 565. The Court may not adjust the lodestar amount based on factors already subsumed within the

lodestar calculation. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010); *Parsons v. Ryan*, 949 F.3d 443, 467 (9th Cir. 2020).

Campbell argues that a lodestar enhancement of 1.5 is justified in this case. Union Pacific opposes Campbell's request for a lodestar multiplier in this case as unreasonable and unnecessary. The Court will address each of Campbell's asserted grounds for enhancement below.

First, Campbell states that the amount involved and results obtained justify an upward enhancement of the lodestar amount. The Supreme Court has held that the results obtained are ordinarily subsumed in the lodestar calculation and in most cases should not be considered at the multiplier step. *See Blum v. Stenson*, 465 U.S. 886, 898-901 (1984). By virtue of accepting this case, Campbell's attorneys became obligated "to perform to the best of [their] ability and to produce the best possible results commensurate with [their] skill and [their] client's interests." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565-66 (1986). Further, the Court has already accounted for the result obtained in calculating the reasonable number of hours expended and is not persuaded that a multiplier is "necessary to provide fair and reasonable compensation." *See Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).

Second, Campbell argues that the experience and reputation of his attorneys

supports an enhancement. These factors were considered in evaluating the reasonable hourly rates to use in the lodestar calculation.  Application of a multiplier based on these factors would result in a double enhancement.

Third, Campbell asserts that the delay in payment and the opportunity cost of passing up other cases justifies an enhancement. This factor has also been incorporated into the lodestar calculation. The Court has already compensated for the delay in payment and opportunity cost by applying the current hourly rates, rather than historic rates. *See Anderson v. Director, Office of Workers Compensation Program*, 91 F.3d 1322, 1324 (9th Cir. 1996). Additionally, the court cannot rely on a contingency fee agreement to increase or decrease what it determines to be a reasonable attorney's fee. See *Davis v. City & County of San Francisco*, 976 F.2d 1536, 1548–49 (9th Cir.1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir.1993). Accordingly, the Court will not apply a multiplier based on these factors.

Finally, Campbell claims that lodestar enhancements applied in other cases in the District of Idaho support an adjustment in this case. The two cases Campbell cites, *Balla v. Idaho State Bd. Of Correction*, No. 81-cv-01165-BLW, 2016 WL 6762651, at *12 (D. Idaho Feb. 1, 2016) and *Bown v. Reinke*, No. 1:12-cv-00262-BLW, 2016 WL 2930904, at *3 (D. Idaho May 19, 2016), are distinguishable from

this case. In both cases, the plaintiffs brought claims under the Prisoner Litigation Reform Act. This statute caps the hourly rate for court-appointed counsel. This caused the resulting hourly rate in those cases to be substantially below the market rate in Idaho. There is no statutory cap on the hourly rate for attorney-fee recovery in this case. Therefore, those cases have no relevance to the fee petition here.

For these reasons, the Court finds that Campbell has not met the burden of establishing that an upward adjustment of the lodestar amount is necessary at this step. Therefore, the Court finds that the lodestar amount provides reasonable compensation in this case and the Court will not apply a multiplier in this case.

### C.    Witness Fees and Nontaxable Costs

Campbell filed a Bill of Costs to recover costs taxable under Federal Rule of Civil Procedure 54(d)(1) and District of Idaho Local Civil Rule 54.1. These costs are taxed separately by the Clerk of the Court. Here, Campbell seeks to recover the non-taxable costs outlined in the table below:

| Cost Category | Amount Requested | Exhibit for reference |
|---|---|---|
| Expert witness fees | $31,301.00 | Ex. 8, Dkt. |
| Travel | $14,297.47 | Ex. 9; Para. 39.b. |
| Mediation | $1,815.00 | Ex. 10 |
| Pro hac vice fees | $1,250.00 | Ex. 11 |

| Service of process | $550.00 | Ex. 12 |
| Trial transcripts | $4,445.30 | Ex. 13 |
| Legal research | $384.65 | Para. 39.g. |
| Postage and Federal Express Shipping | $1,625.68 | Para. 39.h. |
| Mock trial | $684.63 | Para. 39.i. |
| Relativity | $13.76 | Para. 39.j. |
| **TOTAL:** | **$56,367.49** | |

The ADA expressly authorizes a court to award litigation expenses and costs to a prevailing plaintiff. *See* 42 U.S.C. § 12205. Litigations expenses are defined as "items such as expert witness fees, travel expenses, etc." *See* 28 C.F.R. Pt. 35, App. A.

Union Pacific objects to the expert witness fees for Dr. Trangle, travel costs, and the mock trial costs. The Court has already ruled that the time Plaintiff's counsel billed to conduct a mock trial was reasonable. For those same reasons, the Court finds the costs of the mock trial claimed here are also reasonable. *See* Section A(2)(a), *supra*.

### i.   *Dr. Trangle's Expert Witness Fees*

Plaintiff seeks to recover fees paid to expert witness Dr. Kevin Trangle in the amount of $22,522.25. As a prevailing ADA plaintiff, Campbell is entitled to recover reasonable expert witness fees. *See* 28 C.F.R. Pt. 35, App. A. Dr. Trangle

produced two expert reports that Campbell relied on at the summary judgment stage. Additionally, Dr. Trangle was prepared to testify at trial, although ultimately Campbell decided not to call him as a witness because Union Pacific's expert Dr. Holland made several unexpected concessions. In light of the complex regulations and medical records at issue in this case, and Union Pacific's reliance on multiple expert witness, it was reasonable for Campbell to retain Dr. Trangle as an expert throughout this case. Furthermore, considering Campbell's success at both the summary judgment stage and trial, the Court cannot say that Dr. Trangle's expert analysis did not contribute to the outcome in this case. The Court will not penalize Campbell for the strategic decision to forego this testimony in light of unexpected disclosures made during trial. Therefore, the Court will not reduce Campbell's costs based on this objection.

### ii. Travel Time

Union Pacific also asserts that Campbell failed to present evidence that recovery of reasonable attorney's fees for travel time is the custom in the relevant legal market. *See Davis v. City & Cnty of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992) *vacated on other grounds by* 984 F.2d 345 (9th Cir. 1992).  However, because travel expenses are expressly authorized under the ADA, Campbell is entitled to recover reasonable travel costs.  *See* 28 C.F.R. Pt. 35, App. A.

Here, Campbell claims travel costs in the amount of $14,297.47 pursuant to 42 U.S.C. § 12205. Union Pacific has not objected to these costs as unreasonable, only that Campbell failed to establish that travel fees are compensable in the relevant market. (*See* Dkt. 128 at 14). Nevertheless, the Court must evaluate whether the travel costs were reasonable. Based on the travel receipts submitted, the affidavits from Campbell's attorneys in support of the motion, and the Court's familiarity with the cost of travel in Idaho,[3] the Court finds that the travel costs incurred in this case were reasonable.

### i.  *Litigation Expenses*

The remaining non-taxable costs qualify as litigations expenses that Campbell may recover as a prevailing plaintiff under the ADA. Union Pacific did not object to these expenses. The Court has reviewed the documentation Campbell submitted in support of these costs and finds that these expenses were reasonably incurred and necessary to prosecute Campbell's claims. Accordingly, the Court will award non-taxable costs in the amount of $56,367.49.

## ORDER

---

[3] This Court is very familiar with the cost of traveling to Pocatello, Idaho, to conduct trial. The District of Idaho has two district judges who preside over cases in three different regions in Idaho. As a result, court staff are often required to travel to conduct hearings across the state.

**MEMORANDUM DECISION AND ORDER - 27**

**IT IS ORDERED that:**

1.     Plaintiff's Motion for Attorney Fees and Costs (Dkt. 116) is

**GRANTED** in part and **DENIED** in part. The Judgment will be amended to reflect

an award of attorney's fees in the amount of $416,752.50 and non-taxable costs in

the amount of $56,367.49.


DATED: January 4, 2022

_____

B. Lynn Winmill
U.S. District Court Judge